We're going to begin this morning with case number one, U.S. v. Steve Briggins, case number 18-1921. First we'll hear from Ms. Rehman. Good morning, your honors, and may it please the court. My name is Colleen Rehman on behalf of Steve Briggins, the defendant appellant in this case. So I will sentence you to a term of 84 months, which I think is a fair sentence, and it greatly discounts these 10 robberies. These are the words of the district court on June 10, 1999, when it sentenced Mr. Briggins in a prior case. This appeal presents a straightforward, narrow question. How should we interpret these words nearly 20 years later when assigning Mr. Briggins criminal history points under the guidelines? This court's precedents compel a conclusion that this oral pronouncement unambiguously and authoritatively imposed a single sentence. The court has held that when a court pronounces a sentence orally, that is the defendant's sentence, at least if the oral pronouncement is unambiguous. This court's precedents in Eskridge and Snyder both show that this is an unambiguous pronouncement. It has treated language imposing a term as unambiguously imposing a single sentence, even when it wouldn't have made sense to impose only one sentence. In at least one instance, it seems so clear to the court that the court raised this issue sua sponte. This was in Snyder, where it even seemed so clear to the court that it dropped it as a footnote, noting that neither party raised this issue and both assumed four terms of supervised release had been imposed. But when the court said a term, it meant one single term of supervised release. Ms. Ramey, the government has submitted some supplemental authority making reference to the fact that there's, in my words, a presumption of concurrence among the sentences. Do you want to respond to that? Your Honor, there is a presumption of concurrence among sentences when multiple sentences are imposed. The supplemental authority that the government offered does not really have any bearing on what the court said at the time and how many sentences it imposed. Just that when multiple sentences are imposed in such a case, there would be a presumption of concurrence. How do you make sense out of, and this is in, I think it's in part what Judge Brennan may be getting, how do you make sense of the 84-month judgment? Just does it common sense matter? When you look at the judgment of conviction and what preceded it, there's no question that he pled guilty to 10 bank robberies. Of course, Your Honor. There's no question that the special assessment was the sum, the $1,000 reflected all 10. He was, restitution was ordered on all 10. But yet, when we come to the line in the judgment of conviction on the total of 84 months, it seems like we want to walk away from the reality, you know, that he had pled guilty to 10 separate robberies. Why does that make any sense? You know, the best, you know, in hindsight, the best I could say was it was likely a mistake. The court might have intended to, I mean, first of all, the court was imposing a sentence on all 10 counts. If it had been a single count, the sentence would almost definitely have been lower. The guidelines in that case, you know, the grouping rules were in effect, and that augmented Mr. Brigham's guidelines range, which was mandatory at the time. So the sentence did envision punishing him for 10 robberies, 10 bank robberies. So there's that component. It was a much higher sentence than if it had only been one. However, and I do recognize that the guidelines instruct courts to calculate the guidelines and then impose the total sentence on each count. That is undisputed. But the court didn't do that in this case. And if it was because the court was mistaken about the operation of the guidelines, saying, well, there's one term of imprisonment for 10 counts, or if it was just a mistake, it doesn't change the fact that that's what the court did. And that's what we have to look at here in hindsight. It wasn't a scrivener's error. The court orally pronounced a term. The judgment imposed a single term, not 10 concurrent terms. And even when you look at the $1,000 of special assessment, the court clearly knew it was sentencing him for 10 robberies. That's undisputed. It's a question of how many terms of imprisonment did the court impose. What do you make of the district judge's comments? There should not be any type of group discounts. We're not a two-for-one sale or a 10-for-one sale. I think the court knew it was sentencing him for 10 robberies. And, I mean, given those comments, it's highly likely that the judge would not hope that he would get any sort of discount in a subsequent sentencing like the one he was in here. But it all comes back to, I mean, right now we're conjecturing. We're talking about, well, what do we think the court meant or what did we think the court would want now in a subsequent sentence? But we know part of what you're saying is you're, and I appreciate it very much, I mean, you're acknowledging that Judge Castillo very much had in mind the fact that there were 10 robberies, right? That was not lost upon him for a second. No. And so why isn't it fair, against the backdrop of that pretty clear transcript, to read the 84 months through the prism, if you want to call it that, presumption of concurrence in 3584? Why don't those two things combine? Because we have precedent and it's helpful precedent. If we look at a case like Eskridge, when we look at, or even Snyder, and Snyder, the defendant had four counts of conviction and the court imposed four concurrent sentences, or yeah, four sentences of imprisonment and one term of supervised release. Now, it would be fair to impose four concurrent terms of supervised release, and that was what typically would happen under the guidelines and that's how it typically would operate. But if that's not what actually happened, then we are bound by what the court actually imposed. And I think that when we go back and look, the court knew it was sentencing Mr. Briggins to four ten offenses. And he was getting a longer sentence than he would have gotten for one or two offenses. And the court did recognize that, yes, there was a portion of the sentencing transcript where the court said, look, I could sentence you to 30 years. So it would be three years on each sentence. You know, three years, I mean, sorry, three years per robbery. But I'm not and I'm bound by the guidelines, but there was a recognition that the sentence was augmented even if not as augmented as it might otherwise be. You're into your rebuttal time, would you like to reserve that? I would, thank you very much. Very good, thank you. We'll next hear from Ms. Totten. Good morning, may it please the court. My name is Kristen Totten and I represent the United States. The best reading of the 1998 judgment in this case is that the judge imposed identical terms of imprisonment on each of the ten counts of conviction to run concurrently. A judge is required to impose a sentence on each count of conviction by statute. And here the judge imposed a total term of imprisonment of 84 months. The judge expressed the sentence as a total term because in the federal system, by statute, where there are multiple terms of imprisonment, they are treated as a single aggregate term. And that's why it appears that way on the judgment. And that's why the best reading is that the judge sentenced the defendant to 84 months of imprisonment on each identical count. Now the fact that the judge did not state whether that term of imprisonment was to be served concurrently or consecutively, as your honors have pointed out, is also addressed by statute. So the judge did not need to put it in there because by statute and by virtue of being in the federal system, it was understood that those terms of imprisonment would be served concurrently because he did not specify. Did he accomplish all of these ten robberies before he was arrested? Yes, your honor, he did. And see, that's what's sort of baffling to me, historically, how somebody commits ten bank robberies and doesn't get caught. And in the present case, seven bank robberies. Is this a serial bank robber of some? We're talking about a problem with the criminal history, right? That's the issue here. So that's what he's worried about. And the amazing thing to me is this guy's ability to rob ten banks and now seven banks. Now that's maybe beside the point here about whether or not something should be counted altogether in criminal history and that sort of thing. But this guy got away with quite a bit for a lot of time. That's what's amazing. And then how much time did he actually serve after that first conviction? He received a sentence of 84 months. I do know that following that, he was on a period of supervised release, and that was revoked for different violations of supervised release, and he served additional time as a result. Okay, so at least he served that much, I guess. Yes. Okay. And he's sentenced this time. We're not really dealing with that, I guess. What is at issue here is that because the criminal history points were calculated such that in that 1998 case, the ten bank robberies, the first bank robbery in the case that was just sentenced now, received three criminal history points. Then because there were ten bank robberies involved and because those sentences were treated as a single sentence, they received one point each under the sentencing guidelines under 4A1.1e, up to a total of three. So Mr. Briggins received the judge, the district court judge, assigned six criminal history points for those ten prior bank robbery sentences. And that increased Mr. Briggins' criminal history category and it increased his guideline range in the current case, and that is what. . . What was the sentence in the current case? The current case was the high end of the guideline range, and it was either 96 or 97 months. Ninety-something. Yes. And that was for all seven robberies. Mr. Briggins pled guilty to three and then stipulated to several others. Okay. Well, there wasn't any question when he stipulated that he robbed seven banks. Yes, Your Honor. Okay. On this issue of the concurrent consecutive. . . Yes. I take it there's nothing else in the record that would point us to the fact that Judge Castillo was necessarily relying on the statute. No question the statute applies, but no reference in the transcript that would say, Well, of course, everybody knows that if a consecutive or concurrent pronouncement is not made, that concurrent controls. No, there's nothing in there that says that. However, the lack of specificity as to concurrent or consecutive certainly doesn't mean that Judge Castillo assigned a single sentence for all ten convictions. In fact, that sort of a sentence doesn't really exist in the federal system. It doesn't happen, and that's why it would make sense that Judge Castillo, having not said anything, would understand that everyone would know that in the federal system a sentence would be served concurrently. In addition, looking at the guideline range, the ten identical terms of 84 months imprisonment is consistent with the guideline range that the court adopted in the 1998 case. For that, each individual bank robbery had exactly the same guideline range, and Judge Castillo sentenced within that guideline range. So there is no difference there either. It is also consistent with what we've already discussed about what Judge Castillo said with respect to giving no group discounts and saying that this is not a ten-for-one sale. And all of these things speak to the best reading of the judgment, which is that Judge Castillo sentenced the defendant to identical terms of 84 months imprisonment on all ten counts to be served concurrently. And that is why the district court should be affirmed. Thank you, Ms. Todd. Thank you. Ms. Romay, rebuttal. Thank you, Your Honors. There is no meaningful distinction between imposition of a term of supervised release and a term of imprisonment that we can draw in this context. Even if the court did subjectively intend to impose multiple terms, there was no discussion of multiple terms of imprisonment in the sentencing transcript, and the court very clearly imposed a term. As Eskridge made clear, such an error cannot be corrected at this point. Even years after the imposition, a district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed, Eskridge said, but he cannot change the sentence he did impose, even if the sentence was erroneous. So even if we presume that Judge Castillo intended almost 20 years ago to impose multiple concurrent terms, that's not what he did, and we can't go back and change that now. And for that reason, the district court here erroneously imposed an additional three criminal history points, resulting in an erroneous calculation of the guidelines, and in this case, Mr. Brigham's current sentence should be vacated and remanded for resentencing. Thank you, Ms. Romain. Thank you very much, Your Honors. The case will be taken under advisement.